UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SORISE NELSON,

         Plaintiff,

   v.              5:12-cv-1174

THE CITY OF SYRACUSE and
THE CITY OF SYRACUSE POLICE
DEPARTMENT,

         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

   Plaintiff Sorise Nelson commenced the instant action claiming that he was subjected to the excessive use of force, resulting in severe and permanent injuries. Presently before the Court is Defendant City of Syracuse's motion for summary judgment pursuant to Fed. R. Civ. P. 56 seeking dismissal of the Complaint in its entirety. Plaintiff failed to timely file a response, but has filed a letter seeking an extension of time within which to file opposition papers. Defendant objects to the request for an extension of time.

## I. PROCEDURAL HISTORY

   Pursuant to the uniform pretrial scheduling order in this matter, the discovery completion deadline was set for May 30, 2013 and the dispositive motion filing deadline was July 31, 2013. On July 22, 2013, Defendant filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. The docket clearly indicates that the hearing date was set for August 23, 2013 and that opposition papers were due by August 6, 2013. Dkt. No. 16. The deadline

for filing opposition papers also was ascertainable by reviewing the Court's Local Rules. See N.D.N.Y. L.R. 7.1.

On August 12, 2013, the date reply papers were due, Defendant filed a letter that, among other things, noted Plaintiff's failure to respond to the motion and further argued in support of its motion.  Thereafter, by an unsigned letter dated July 22, 2013 and filed on the Court's CM/ECF system at 11:35 p.m. of August 12, 2013, defense counsel requested additional time to respond to the motion for summary judgment.  See Dkt. No. 21.  The reasons in support of the request included: (i) the break up of counsel's laws practice and the concomitant difficulties of starting a new law practice; (ii) counsel sent a letter to defense counsel dated July 9 indicating the need for more time to respond to interrogatories; (iii) Plaintiff was placed into the custody of the New York State Department of Corrections making communications difficult; (iv) counsel is "locating additional witnesses to the incident;" (v) counsel needs to discuss matters with Plaintiff; (vi) witnesses have been difficult to locate; and (vii) he "intend[s] to show through these additional eye-witness accounts that there are genuine issues of material facts for trial in this case . . . [and] that the statements given by the police officers involved are inconsistent and that they had no reasons to attack and punch [his] client. . . ."  Dkt. No. 21.

Defendant has submitted a letter opposing Plaintiff's request for an extension of time.  Defendant argues that: (i) Plaintiff did not notify the Court of the need for an extension before the date opposition papers were due; (ii) although Plaintiff purports to need time to conduct additional discovery, discovery in this matter has been closed since May 30, 2013; and (iii) Plaintiff has had ample time to contact the necessary witnesses.

The rules for extending time in this Circuit are well settled.  Under Fed. R. Civ. P. 6(b)(1)(A), a court may grant an extension of time for good cause if a request is made before the original time expires.  Under Rule 6(b)(1)(B), where a request is made after the original time expires, the court may only grant an extension upon a showing of excusable neglect.  Here, Plaintiff requested an extension after the expiration of the original deadline and, therefore, must satisfy the excusable neglect standard.

In Pioneer Investment Servs. Co. v. Brunswich Assocs. Ltd. P'ship, 507 U.S. 380 (1993), the Supreme Court noted that "excusable neglect" as an "elastic concept," 507 U.S. at 392.  The inquiry is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395.  Relevant factors to consider include: (1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." Id.  The Second Circuit has noted that, in the typical case, three of these factors (the first, second, and fourth) are likely to weigh in favor of the party seeking an extension of time.  The Circuit clearly has stated, however, that "the equities will rarely if ever favor a party who 'fail[s] to follow the clear dictates of a court rule' and held that where 'the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test.'" Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366-67 (2d Cir. 2003) (quoting Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 249–50 (2d Cir. 1997)).

Here, as noted, there was a clear court rule and a clear indication on the docket as to when opposition papers were filed.  Plaintiff's counsel acknowledges receiving the motion

for summary judgment "[o]n or about July 22." Counsel does not explain why a request for an extension of time was not made on or before the original deadline. The Court further notes that the basis for Defendant's motion is that Plaintiff is unable to establish municipal liability for any alleged constitutional violation. In this regard, interviewing witnesses to the incident and whether the officers' statements are inconsistent are unlikely to be relevant to the legal issues presented in the motion. The factual issues relevant to municipal liability should have been pursued and completed during the discovery period. The Court, therefore, finds that Plaintiff has failed to establish excusable neglect. Accordingly, Plaintiff's letter request (Dkt. No. 21) is DENIED.

The Court will now turn to the merits of Defendant's motion.

## II.     FACTS

Except where otherwise indicated, the following facts are taken from Defendant's Statement of Material Facts submitted pursuant to N.D.N.Y.L.R. 7.1(a)(3) and, because no opposing statement of material facts has been submitted, are demeed to be true.

On July 27, 2011, officers from the Syracuse Police Department responded to a 911 call at 163 West Ostrander Avenue, Syracuse, New York, regarding a stabbing complaint. Upon arriving at 163 West Ostrander, the complainant, Bernard Koagel, told Officers Demand and Harrington that he had a verbal confrontation with a neighbor. During the argument, the neighbor pulled out a knife and threatened Koagel. Koagel then began striking the neighbor, purportedly in self-defense, which resulted in the neighbor punching Koagel 4-5 times and stabbing him in the left arm. The officers observed that Koagel's glasses were broken, he had a cut on the bridge of his nose, and there was a puncture

wound to his left arm.  Koagel gave the officers a description of the neighbor and indicated that he was across the street.

The officers located Plantiff and observed blood on his pants.  Koagel identified Plaintiff as the person who punched and cut him.  Officers then attempted to place Plaintiff under arrest.  Various witnesses describe that Plaintiff began to move and swing his arms about.  The police report indicates that Plaintiff attempted to strike the officers.  The officers tackled Plaintiff to the ground.  The police report indicates that, while on the ground, Plaintiff continued to resist by kicking his feet and refusing to place his hands behind his back.  Plaintiff was tased by Officer Demand on three separate occasions.  Plaintiff ultimately was handcuffed.  Plaintiff pled guilty to Assault in the Third Degree.

Plaintiff filed a complaint in state court alleging the use of excessive force and negligence.  Defendant removed the matter to this Court and now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 56.

## III.    STANDARD OF REVIEW

Defendant moves for summary judgment pursuant to Rule 56.  It is well settled that, on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes

demonstrate the absence of a genuine issue of material fact as to a dispositive issue. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation. Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

## IV.   DISCUSSION[1]

### a.   Claims against the Police Department

Defendant moves to dismiss the claims against the Syracuse Police Department on the ground that the police department is not a separate legal entity, but part of the City itself. "A police department is not an independent, suable entity separate from the municipality in which the police department is organized." See Krug v. City of Rennselaer, 559 F. Supp.2d 223, 247 (N.D.N.Y. 2008). Thus claims against the police department are, in reality, claims against the City. Because the City of Syracuse is a named Defendant, suing the Syracuse

---

[1] Plaintiff's Complaint, which was originally filed in state court, does not explicitly allege that it is seeking damages pursuant to 42 U.S.C. § 1983 for a violation of Plaintiff's rights as protected by the United States Constitution. Defendant removed the case to this Court under the assumption that Plaintiff was asserting a violation of his federal rights. See Dkt. No. 1. Although Plaintiff did not move to remand the case, he, similarly, has not elucidated the legal basis for the excessive force claim. To the extent Plaintiff is not proceeding under 42 U.S.C. § 1983, then the Complaint must be dismissed for lack of subject matter jurisdiction.

Police Department is redundant. Accordingly, the claims against the Syracuse Police Department are dismissed.

### b. Municipal Liability

Defendant next moves to dismiss the claims against it on the ground that there is an insufficient basis for holding it liable for any alleged unconstitutional acts. In support, Defendant notes that Plaintiff does not make any allegations in his Complaint supporting Monell liability and has offered no facts suggesting that any use of force was the result of a municipal policy, practice, or custom. Having failed to file opposition papers, Plaintiff has not responded to this argument.

"[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of E. Haven, 691 F.3d 72, 80 (2d Cir. 2012). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a respondeat superior basis for the tort of its employee." Id. "Thus, isolated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a municipal custom, policy, or usage that would justify municipal liability." Id. at 81. "On the other hand, such acts would justify liability of the municipality if, for example, they were done pursuant to municipal policy, or were sufficiently widespread and persistent to support a finding that they constituted a custom, policy, or usage of which supervisory authorities must have been aware, or if a municipal custom, policy, or usage would be inferred from evidence of deliberate indifference of supervisory officials to such abuses." Id.

> A plaintiff alleging that she has been injured by the actions of a low-level municipal employee can establish municipal liability by showing that a policymaking official ordered or ratified the employee's actions—either expressly or tacitly. . . . Thus, a

> plaintiff can prevail against a municipality by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them. . . . A municipal policymaking official's "deliberate indifference" to the unconstitutional actions, or risk of unconstitutional actions, of municipal employees can in certain circumstances satisfy the test for a municipal custom, policy, or usage that is actionable under Section 1983. . . .
>
> To establish deliberate indifference a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights. Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action. . . . [D]emonstration of deliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent.

Id. at 81 (internal citations and quotations omitted).

Having reviewed the verified Complaint[2] and Defendant's supporting papers, the Court finds that there is insufficient evidence from which it can reasonably be concluded that any constitutional injuries were the result of a municipal custom, policy, or practice. The Complaint alleges that Defendants "violat[ed] the rules and regulations in using excessive force and improper procedures and caused the Plaintiff permanent and serious bodily injuries. . . ." Compl. at ¶ 17. This allegation tends to defeat a claim for Monell liability because it suggests that the individual officers acted contrary to official policy and practice; not in conformance therewith. In any event, there is insufficient evidence in the record: (1) of any custom, policy or practice condoning, approving, recommending, or allowing the use of excessive force that is causally related to Plaintiff's claimed injuries; (2) that a policymaking official ordered or ratified the use of excessive force; or (3) that Defendant was aware of a

---

[2] To the extent the verified Complaint is based on Plaintiff's personal knowledge and not merely upon information and belief, the Court treats it as an affidavit in opposition to the motion for summary judgment. Patterson v. Cnty. of Oneida, N.Y., 375 F.3d 206, 219 (2d Cir. 2004) ("[A] verified pleading, to the extent that it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment.").

- 8 -

constitutional injury, or risk thereof, and failed to take appropriate action to prevent such injuries.[3]  Rather, the evidence before the Court is indicative of an isolated act of excessive force by non-policymaking municipal employees, which is insufficient to establish municipal liability.  See, e.g., Rasche v. Village of Beecher, 336 F.3d 588, 600-01 (7th Cir. 2003); Clayton v. City of Kingston, 44 F. Supp.2d 177, 184 (N.D.N.Y. 1999).  Accordingly, the constitutional claims against Defendant must be dismissed.

## V.    CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is granted and the constitutional claims are dismissed.  The Court declines to exercise supplemental jurisdiction over the remaining state law claim.  Accordingly, Plaintiff's Complaint is DISMISSED IN ITS ENTIRETY.  The Clerk of the Court shall close the file in this matter.

IT IS SO ORDERED.

Dated: August 21, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[3] Although the Complaint does allege that "the Defendants . . . had actual notice of the above fact or it reasonably should have been known to the Defendants . . . of the dangerous and hazardous condition they creating [sic] while effectuating the arrest," this is a conclusory statement unsupported by citation to evidence in the record.